UNITED STATES of America,
Plaintiff-Appellee,

v.

Clayton R. PAGE, III,
Defendant-Appellant.

No. 80–3998.

United States Court of Appeals,
Fifth Circuit.

Nov. 20, 1981.

James G. Burke, Jr., Alan K. Breaud, New Orleans, La., for defendant-appellant.

Michael Schatzow, Harry W. McSherry, Jr., Asst. U. S. Attys., New Orleans, La., for the U. S.

Before GEE and RUBIN, Circuit Judges, and SPEARS *, District Judge:

GEE, Circuit Judge:

Page, the holder of a doctoral degree in parasitology and a former university biology professor, appeals his criminal convictions of mail fraud and of having made false claims and false statements to agencies of the United States. His sole point for

---

* District Judge of the Western District of Texas, sitting by designation.

reversal is that the trial court erred in approving a waiver of jury trial. Implicated are the dual Constitutional guarantees of trial by jury[1] and the provisions of Rule 23(a), Federal Rules of Criminal Procedure, providing, in part pertinent here, for trial by jury "unless *the defendant* waives a jury trial *in writing* . . . ." (Emphasis added) It is undisputed that the defendant neither executed any writing which waived a jury nor personally took any other affirmative action to do so. The record, in a supplement added pursuant to 10(e), Federal Rules of Appellate Procedure, indicates that Page's attorneys stated to the trial court, in a chambers conference out of Page's presence, held while the venire waited in the courtroom, that (as that court expressly stated) "he and his client, Dr. Page, had given considerable thought over the [immediately preceding] weekend to the question of whether to try this case to the jury or to this Court, and that both he and the defendant had decided to waive the jury and try this case to the Court because they both decided that a bench trial was preferable to a jury trial." Thus the defendant, by his agents, his retained attorneys, directly represented to the Court below that it was his considered decision to seek a bench trial. This private representation was followed by a public one: after the conference, the trial judge stated in the courtroom, in the presence of Page,

> All right, now we have taken this up in Chambers. Am I to understand, I suppose I should have it on the record, is it true that the defendants [sic] wish to waive the Jury in this matter?

Defense counsel, but not Page, responded, "Yes, sir, that's the position." The government also agreed to the waiver of the jury trial. The court then stated that it approved the waiver of the jury and accepted the case as a non-jury matter. Page voiced no objection, and the court did not directly question him on the subject. We note as

well the absence of record testimony by Page's trial lawyers[2] disputing the indicated representations made to the trial court, though a hearing was held on the government's Rule 10(e) motion at which such evidence could have been offered.

## Rule 10(e)

The record circumstances related, and Page's contentions based upon them, present narrow but somewhat novel questions. The first is his claim that Rule 10(e) does not authorize such a record supplementation as was made here. We do not agree. That rule provides:

(e) Correction or Modification of the Record.

If any difference arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the district court either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the court of appeals.

In the terms of the quoted rule, something material to a party—the United States—was omitted from the record as filed. This was an account of the pre-trial conference, a conference that had in fact "occurred in the district court" and which was necessary to "truly disclose" what went on there. As soon as a "difference" arose over what occurred at that conference, a matter which became apparent with the

---

1. U.S.Const. art. 3, § 2, cl. 3, provides: "The Trial of all crimes . . . shall be by Jury . . . ." The sixth amendment states: "In all criminal prosecutions, the accused shall enjoy the right to . . . trial, by an impartial jury . . . ."

2. Page is represented by other counsel on appeal.

filing of Page's opening brief to us, the United States promptly moved in the district court under Rule 10(e) to remedy the omission. The trial court conducted a hearing, with counsel for both sides present, and prepared a minute entry detailing what went on at the pre-trial conference.[3] This is before us via supplemental transcript.

We see no merit in Page's objections to this procedure. The predecessor of Rule 10(e), in virtually identical language, was applied by the Third Circuit to admit the trial court's statement of an important portion of the actual trial that had not been recorded by the court reporter. *Marron v. Atlantic Refining Co.*, 176 F.2d 313 (1949), *cert. denied*, 339 U.S. 923, 70 S.Ct. 611, 94 L.Ed. 1345 (1950). And we have ourselves held proper for consideration on appeal a trial court's certificate describing events and circumstances, mostly of a non-verbal nature, that took place during a trial. *Cockrell v. Ferrier*, 375 F.2d 889 (5th Cir. 1967). *See* 9 Moore's Federal Practice ¶ 210.08[1] (2d ed. 1948 & Supp. 1980–81).

■ As authority for his position, Page advances two of our holdings. The earlier of these, *United States v. Smith*, 493 F.2d 906 (5th Cir. 1974), is not apposite. That case concerned an attempt to have the district court, pursuant to Rule 10(e), change what *went on* below by modifying stipulations and making additional findings. As we said there, "Rule 10(e) exists to allow the district court to conform the record to what happened, not to what did not." *Id.* at 907. The later, *United States v. Lockwood*, 604 F.2d 7 (5th Cir. 1979), also concerned a request for further substantive proceedings by the district court and the making of additional findings on the issue of waiver. The distinction to be made is a tolerably fine one, but real: *What in fact went on* below may be settled and placed of

record pursuant to Rule 10(e) and whatever proceedings are necessary to that end are permissible. New proceedings of a substantive nature, designed to supply what might have been done but was not, are beyond the reach of the rule. Settling what went on at this pre-trial conference falls in the former category. Doing so was proper.

### Waiver and Invited Error

Recapitulating briefly, then, the record properly before us shows Page's trial counsel, at a conference held on the brink of trial and with the venire sitting outside in the courtroom, assuring the court that he *and Page* have thought the matter over with care and deliberately decided to waive the jury and try his case to the court. Government counsel at first objects but agrees after consulting higher authority. All parties having advised that they agree on waiver and a bench trial, the court observes that it will state this fact on the record in open court. It does so in the presence of Page, a highly educated and articulate man, who in no manner exhibits objection or surprise as his counsel waives jury trial on the record and the venire is dismissed. The trial proceeds, Page is convicted and he comes to us via new counsel complaining that he gave no effective, personal waiver, written or oral, of his constitutional right to be tried by a jury.

We commence our inquiry with the observations that it would have been better to do as the rule directs and that much could be said for enforcing it strictly as to such an entire waiver of jury trial. The right involved is a precious one; and a mechanical application of the express, bright-line provision of Rule 23(a) safeguarding it would not be wholly amiss: no written waiver signed by the defendant, no bench trial.[4] We need

---

3. The United States plausibly suggests that a court reporter had not been present there since no one other than defense counsel anticipated that a motion to waive jury trial would be made.

4. We recognize and do not question our authorities upholding oral waiver, under Rule 23(b), of a full jury of twelve, *e. g., United States v.*

*Smith*, 523 F.2d 788 (5th Cir. 1975), *cert. denied*, 424 U.S. 973, 96 S.Ct. 1475, 47 L.Ed.2d 742 (1976). A cogent argument can be made that under the rule of *Patton v. United States*, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930), a jury of less than twelve in a criminal case is no jury at all, and hence that whatever passes

not explore these difficult matters here, however, since it is apparent that if the court fell into error, it was led there by Page and his trial counsel.

■ We are entitled, as was the trial court, to accept the chambers representations of trial counsel that he and Page had conferred at length and deliberately made a considered, tactical decision that a bench trial would be to Page's advantage and that he therefore wished the jury discharged and the case tried by the court alone.[5] The truth of these representations is further borne out by Page's own conduct—observed by the trial court and noted in its minute entry—that of a learned, articulate man suffering neither language nor perceptive difficulty. The court granted his request and did as he wished. Neither Page nor his counsel ever objected at trial or requested a new trial, waiting instead until now to urge correction of this oversight. It follows ineluctably that Page cannot complain to us of the manner in which the trial court carried out his wishes. "A defendant cannot complain on appeal of alleged errors invited or induced by himself, particularly where, as here, it is not clear that the defendant was prejudiced thereby." *United States v. Lewis*, 524 F.2d 991, 992 (5th Cir. 1975), *cert. denied*, 425 U.S. 938, 96 S.Ct. 1673, 48 L.Ed.2d 180 (1976), and cases cited. The court did what Page, explicitly by counsel and implicitly by his own conduct, asked it to do. Page will not now be heard to say that the court fell into technical error in the process of effectively carrying out his request. To do so would be to make of the

courtroom a bear-garden, casting the trial judge as the bear.

AFFIRMED.

muster to waive the twelfth juror must suffice to waive all. We neither accept nor reject this contention today since we need not, and therefore should not, do so. We do note that the language and structure of Rule 23(a) differ from those of Rule 23(b), that the provisions of Rule 23(a) can be and probably are more stringent than constitutional requirements, and that a bench trial in a criminal case is far more different from a jury trial, whether to eleven jurors or to twelve, than a jury trial to ten or eleven jurors is from one to a full jury.

5. *E. g., Castilleja v. Southern Pacific Co.*, 445 F.2d 183 (5th Cir. 1971) (within trial court's

discretion to accept and rely on counsel's representation of witness's unavailability). Considering the nature of the charges, that Dr. Page, a professor at a renowned university, had defrauded the university by submitting false travel vouchers and the United States by making false statements to it, a tactical reason for the maneuver is readily apparent, for there was at least a plausible reason for Page and the experienced counsel who then represented him to conclude that a judge might approach the case more objectively and dispassionately than a jury.