870 F.2d 656
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lester GREEN, Defendant-Appellant.
 No. 87-5684.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 13, 1989.
Decided Feb. 27, 1989.
 
 William H. Murphy, Jr. for appellant.
 Beth P. Gesner, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney, Barbara B. Sale, Assistant United States Attorney on brief) for appellee.
 Before HARRISON L. WINTER, Chief Judge, and K.K. HALL and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Lester Green appeals his conviction in the United States District Court for the District of Maryland on two counts of making false, fictitious or fraudulent statements in violation of 18 U.S.C. Sec. 1001 and one count of making false, fictitious or fraudulent claims in violation of 18 U.S.C. Sec. 287. Appellant argues that the evidence was insufficient to support his conviction and that the district court acted improperly in permitting him to elect a non-jury trial without executing a written waiver. We find neither contention persuasive and affirm the judgment of the district court.
 
 I.
 
 2
 Appellant Lester Green is the president of Community Communications Research, Inc. (CCRI). In June, 1980, CCRI was awarded a grant by the Public Telecommunications and Facilities Program (PTFP) of the Department of Commerce for the period August 1, 1980 to July 31, 1982. Pursuant to the grant, appellant was to purchase certain equipment to set up a public telecommunications facility, the cost of which was to be partially reimbursed by the PTFP.
 
 
 3
 The terms and conditions for the grant provided two bases for reimbursement: 1) reimbursement for amounts already paid by the grantee or, 2) reimbursement for obligations expected to become payable within the succeeding thirty calendar days. Advance payments were not authorized.
 
 
 4
 Appellant submitted three requests for reimbursement on February 9, 1981, May 4, 1981, and August 25, 1981. Appellant's May 4 request sought reimbursement for the purchase of an EMCEE Low Power Translator. On May 30, 1982, appellant submitted his fourth and final request. Accompanying the request was a lien statement, equipment list, and miscellaneous purchase orders and invoices for equipment appellant had allegedly purchased. PTFP reimbursed him $22,772.25 for the items on the equipment list, including the EMCEE translator. This reimbursement, together with previous payments to appellant totalled approximately $72,000.
 
 
 5
 In early November, 1984, after appellant failed to respond to the Department of Commerce's repeated requests to submit Quarterly Performance Reports, an auditor of the Office of the Inspector General audited appellant's grant. When questioned by the auditor, appellant acknowledged he had not purchased nine pieces of equipment on the May 4 equipment list for which he obtained reimbursement. Appellant stipulated to this fact at trial. This reimbursement request was the subject of counts one and two of the indictment.
 
 
 6
 On April 30, 1985, following a request from the United States Attorney's Office, appellant submitted a package of documents to the PTFP. Included were seven Quarterly Performance Reports for the quarters July, 1983 through March, 1985. In each the appellant stated that all the equipment he had been reimbursed for "has been purchased, tested, and/or installed." These statements are the subject of count three of the indictment and were false in that the last nine items on the equipment list for which appellant had been reimbursed had not been purchased, tested, or installed.
 
 
 7
 On May 19, 1987, a grand jury in the District of Maryland returned a three-count indictment charging Green with two counts of making false, fictitious or fraudulent statements in violation of 18 U.S.C. Sec. 1001 and one count of making false, fictitious or fraudulent claims in violation of 18 U.S.C. Sec. 287. On September 4, 1987, the district court found him guilty on all three counts of the indictment. This appeal followed.
 
 II.
 
 8
 Appellant raises two contentions. First, he argues the evidence was insufficient to support his convictions. Second, he contends the court acted improperly in permitting him to elect a non-jury trial without executing a written waiver.
 
 A.
 
 9
 Appellant argues he intended to buy the nine pieces of equipment at issue until he failed to obtain FCC approval to operate a system utilizing that equipment. Thus he claims he cannot be convicted of making false statements in violation of 18 U.S.C. Sec. 1001. Substantial evidence, however, supports the district court's conclusion that appellant knowingly and willingly falsified the material terms of the reimbursement requests he submitted to the PTFP.
 
 
 10
 When appellant's grant was awarded, he was sent a copy of the applicable terms and conditions for the grant. These regulations specifically provided that "advance payments are not authorized." In requesting reimbursement for nine pieces of unpurchased equipment on the equipment list which accompanied the fourth reimbursement request, appellant, however, sought advance payment. Moreover, he falsely certified that his request for reimbursement was "made in accordance with grant conditions," i.e., that he had already paid for the equipment or was going to within the next thirty days. Also, the purchase orders submitted for the nine pieces of equipment appellant never purchased carefully specified a delivery date of June 30, 1982, thirty days after the reimbursement request. In addition, a lien statement, allegedly securing the federal interest in the equipment purchased with grant funds, provided that a security interest would commence thirty days later, in July, 1982. Finally, appellant did not inform the Department of Commerce until three years later, and only in response to their repeated requests, that he never purchased the nine pieces of equipment at issue.
 
 
 11
 Likewise, in regard to his conviction under 18 U.S.C. Sec. 287, appellant stated in seven Quarterly Reports that "all of the equipment has been purchased, tested and/or installed," although he never purchased the nine pieces of equipment at issue. While appellant contends that by "all equipment" he meant all equipment for a system not utilizing the nine pieces of equipment he did not purchase, the district court concluded to the contrary that "all means all."
 
 
 12
 It is for the trial judge in a bench trial to weigh the credibility of the explanations for appellant's conduct. Here the state of mind requirement for all three counts is that appellant made statements knowing them to be false. "Since the condition of the mind is rarely susceptible of direct proof, recourse must be had to all pertinent circumstances." United States v. Marley, 549 F.2d 561, 563 (8th Cir.1977). Taking the pertinent circumstances into account, we believe that the evidence, when viewed in a light most favorable to the government, Glasser v. United States, 315 U.S. 60, 80 (1942), was more than sufficient to support the district court's judgment of conviction.
 
 B.
 
 13
 Appellant's contention that the district court erred in not requiring him to execute a written waiver of his right to a jury trial is without merit. While Fed.R.Crim.P. 23(a) permits waiver of a jury trial only if such waiver is made "in writing with the approval of the court and the consent of the government," courts have repeatedly recognized an exception to the written waiver requirement where the defendant " 'personally gave express consent in open court, intelligently and knowingly.' " United States v. Saadya, 750 F.2d 1419, 1420 (9th Cir.1985), quoting United States v. Guerrero-Peralta, 446 F.2d 876, 877 (9th Cir.1971); see also United States v. Page, 661 F.2d 1080, 1083 (5th Cir.1981) (waiver valid where defendant, explicitly by counsel and implicitly by his own conduct, sought bench trial); United States v. McCurdy, 450 F.2d 282, 283 (9th Cir.1971).
 
 
 14
 Here appellant gave his express consent to a bench trial in open court. Appellant's counsel, at the outset of the trial and in appellant's presence, advised the court that "[w]e have waived our right to a jury trial in this case." When, in turn, the court asked the appellant whether he understood he was waiving his right to a jury trial and explained the ramifications, appellant responded affirmatively. Finally, appellant's counsel noted in his opening statement that the defense had made a tactical decision to be tried by the court without a jury.
 
 
 15
 Appellant's reliance on the government's alleged lack of consent to a bench trial is also unpersuasive. The requirement in Rule 23(a) of government consent serves to protect the government's interest in a jury trial. Singer v. United States, 380 U.S. 24, 36 (1965). Accordingly, appellant is in no position to raise the failure of the government to consent. United States v. Radford, 452 F.2d 332, 335 (7th Cir.1971).
 
 
 16
 Even assuming, arguendo, that the trial court did fall into error here with regard to Rule 23, it did so as a result of appellant's actions. Appellant cannot now complain the district court respected his own clear tactical decision. " 'A defendant cannot complain on appeal of alleged errors invited or induced by himself, particularly where, as here, it is not clear that the defendant was prejudiced thereby.' " Page, 661 F.2d at 1083, quoting United States v. Lewis, 524 F.2d 991, 992 (5th Cir.1975); see also United States v. Garrett, 727 F.2d 1003, 1012 (11th Cir.1984).
 
 
 17
 For all the above reasons, the judgment of the district court is hereby
 
 
 18
 AFFIRMED.