915 F.2d 1572
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Steven McPEAK, Plaintiff-Appellant,
v.
TENNESSEE DEPARTMENT OF CORRECTIONS, Jeff Reynolds,
Commissioner, Charles Bass, Assistant Commissioner, Hartwell
R. Hatfield, Warden, Turney Center, Mike Slaughter,
Associate Warden, Defendants-Appellees.
 No. 90-5521.
 United States Court of Appeals, Sixth Circuit.
 Oct. 11, 1990.
 
 Before MERRITT, Chief Judge, and NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 
 ORDER
 
 1
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record, plaintiff's motion to expand the record and briefs of the parties, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff's civil rights complaint stated that prison officials violated his constitutional rights by denying him an emergency three-day furlough from prison when his father died. Although such furlough was denied, plaintiff was escorted to the funeral to view the body and was allowed to meet briefly with relatives. Plaintiff, however, believes that Tenn. Code Ann. Sec. 41-21-227 created a liberty interest in a furlough which was denied him without due process and in violation of the equal protection clause. The district court determined that there was no liberty interest in the furlough in that no "substantive limitations" are placed on the discretion of prison officials regarding rulings on furloughs. The court also held that plaintiff failed to provide any factual allegations regarding his conclusory assertion that he was denied equal protection. The district court dismissed the action as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Plaintiff appealed.
 
 
 3
 Based upon a careful consideration of the record, this court has concluded that the district court properly dismissed plaintiff's 42 U.S.C. Sec. 1983 action as frivolous pursuant to 28 U.S.C. Sec. 1915(d). See Neitzke v. Williams, 490 U.S. ----, 109 S.Ct. 1827, 1831 (1989). Supplementation of the record with documents not presented to the district court is not permitted. Fed.R.App.P. 10; United States v. Page, 661 F.2d 1080, 1082 (5th Cir.1981), cert. denied, 455 U.S. 1018 (1982).
 
 
 4
 Accordingly, it is ORDERED that the decision of the district court be affirmed and the motion to expand the record be denied. Rule 9(b)(5), Rules of the Sixth Circuit.