Houston, J.
Plaintiff Richard A. Campana (Campana) brought a legal malpractice action against defendant Christopher Pilavis (Pilavis). After a trial on the merits, Pilavis now moves for an order to duplicate the stenographic audio tapes of the trial. Campana opposes Pilavis’s motion and now moves for sanctions against Pilavis on the ground that Pilavis failed to serve the motion on him. For the reasons set forth below, Pilavis’s motion to order duplication of trial tapes is denied and Campana’s motion for sanctions is allowed.
BACKGROUND
Campana brought a legal malpractice action against Pilavis in this court. After a jury-waived trial, Pilavis filed a motion in this court on March 4, 1994 to order duplication of the stenographic audio tapes of the trial. In support of his motion, Pilavis alleged that there were material omissions on a portion of the written transcript. Pilavis deliberately neglected to serve a copy of the motion on Campana.
DISCUSSION
Pilavis offers no authority to support his contention that he is entitled to the stenographic audio tapes of his trial. If Pilavis believes that there are material omissions in the record, he may file a motion under Mass.R.A.P. 8(e) to correct or supplement the record. The trial judge has broad discretion under Mass.R.A.P. 8(e) to resolve disputes concerning the record. Bechtel v. Paul Clark, Inc., 10 Mass.App.Ct. 685, 692-94 (1980) (trial court’s resolution of dispute concerning record is conclusive absent showing that it intentionally falsified the record); United States v. Page, 661 F.2d 1080, 1082 (5th Cir. 1981) (trial court under Fed.R.App. 10(e) may resolve disputes concerning record by employing “whatever proceedings are necessary to that end”).[2] Since Pilavis has not filed a motion under Mass.R.A.P. 8(e) and offers no factual basis suggesting that the transcript is inaccurate or incomplete, his motion to order duplication of trial tapes must be denied.
A parly who files a motion in this court is obligated to serve a copy of the motion on every other party. Superior Court Rule 9A(b)(2) (1974). Pilavis does not dispute that he willfully refused to serve Campana, rather, he argues that he was not required to serve Campana under Mass.R.A.P. 8(b).
Massachusetts Rule of Appellate Procedure 8(b) establishes the procedure for obtaining a trial transcript for the purpose of assembling the record on appeal and contains various notice and service requirements. However, it contains no procedure for obtaining stenographic audio tapes. According to Mass.R.A.P. 8(b)(1), an appellant may order a transcript from the court reporter; if the appellant orders the entire transcript, the appellant need not notify the other party. Pilavis contends that he had no obligation to serve his motion to order duplication of trial tapes on Campana on the ground that a party can request a complete transcript under Mass.R.A.P. 8(b) without notifying the opposing party.
As noted, Mass.R.A.P. 8(b) contains no procedure for acquiring stenographic audio tapes. Pilavis filed a motion in this court to order duplication of trial tapes presumably in anticipation of filing a motion under Mass.R.A.P. 8(e) to correct alleged material omissions in the record. See Bechtel v. Paul Clark Inc., supra. Pilavis’s motion, therefore, was subject to the filing rules of this court. See Superior Court Rule 9A(b)(2) (1974).[3] His willful failure to serve his motion on Campana was improper.
In light of Pilavis’s clear failure to adhere to this court’s rules by failing to serve his motion on Camp-ana, I assess costs against Pilavis pursuant to Superior Court Rule 18. Superior Court Rule 18 (1974).
ORDER
For the foregoing reasons, it is ORDERED that defendant Christopher Pilavis’s motion to order duplication of trial tapes be DENIED and that plaintiff Richard Campana’s motion for sanctions be ALLOWED. It is further ORDERED that plaintiff Richard Campana submit an affidavit to this court documenting the costs of opposing defendant’s motion to order duplication of trial tapes.

 Federal Rule of Appellate Procedure 10(e) is the cognate provision of Mass.R.A.P. 8(e). Massachusetts courts have relied upon federal case law applying Fed.R.App.P. 10(e) to interpret Mass.R.A.P. 8(e). See Bechtel v. Paul Clark, Inc., supra

 Pilavis makes no claim that Superior Court Rule 9A(e) exempted his motion from the filing and service requirements of 9A(b) (2). The filing and service requirements of 9A(b) (2) clearly applied to Pilavis’s motion to order duplication of trial tapes.