**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**William WAGNER, Defendant—
Appellant.**

**No. 99–2481.**

United States Court of Appeals,
Sixth Circuit.

April 11, 2001.

Before MERRITT, NELSON,
SUHRHEINRICH; Circuit Judges.

PER CURIAM.

Defendant William Wagner appeals his conviction, claiming that his constitutional right to a jury trial was violated because he did not sign a written waiver until the second day of trial. Defendant, a former police officer, was convicted of violating an arrestee's constitutional rights by using unnecessary force when arresting him. We AFFIRM.

### I. BACKGROUND

On July 8, 1996, Defendant was on patrol in Detroit when he saw Wilbert Burks driving a car with improper license plates.

Defendant stopped Burks and questioned him. Burks fled. Defendant chased after Burks and arrested him. During the arrest, several officers on unrelated duty saw Defendant use excessive force in arresting Burks. The State of Michigan charged Defendant with assault, to which Defendant pleaded guilty in May of 1997 in Detroit's Recorder's Court.

The United States Government then charged Defendant with depriving Burks of his civil rights under color of law, in violation of 18 U.S.C. § 242. The case was originally assigned to Judge Duggan; however, Judge Duggan recused himself, and Judge Edmunds was reassigned to preside over the trial. While Judge Duggan presided over this case, it had been scheduled for a criminal jury trial on January 7, 1999, adjourned to March 3, 1999, and then adjourned again to May 4, 1999. After a telephonic status conference with Judge Duggan on May 3, 1999, and his recusal on May 4, 1999, Judge Edmunds scheduled the case for a non-jury trial to begin on June 7, 1999. Although a non-jury criminal trial began on June 7, 1999, a waiver of the right to jury trial was not entered until June 8, 1999. Defendant requested a bench trial while the case was still pending before Judge Duggan. The Government consented to this request and Judge Duggan approved it. Realizing after the trial began that Defendant had not signed a waiver, defense counsel prepared a written waiver, which Defendant signed and filed on the second and final day of trial before Judge Edmunds.

The district court found Defendant guilty of depriving Burks of his constitutional rights while acting under color of law. Defendant was sentenced to 27 months in prison, plus two years of supervised release.

## II. DISCUSSION

■ Defendant claims that he did not adequately waive his right to a jury trial before the proceedings began, and that the written waiver signed and filed on the second and final day of trial was too late in the proceedings to be a valid waiver. Defendant requests a reversal of his conviction and sentence and seeks a new trial. The Government contends that Defendant knowingly and voluntarily waived his right to a jury trial.

■ The right to a jury trial is a fundamental right and is not subject to harmless error review. *See* Fed.R.Crim.P. 52; *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). Because the right to a trial by jury is a fundamental constitutional right, a waiver cannot be presumed from a silent record. *United States v. Lee*, 539 F.2d 606, 609 (6th Cir.1976) (citing *Burnham v. N. Chicago St. Ry. Co.*, 88 F. 627 (7th Cir.1898)). In fact, "courts indulge every reasonable presumption against waiver of fundamental constitutional rights and . . . require a showing of an intentional relinquishment or abandonment of a known right or privilege." *Lee*, 539 F.2d at 609–610 (citing *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)) (quotations omitted). Before a defendant can waive his right to a jury trial, four conditions must be met: "First, the waiver must be in writing. Second, the government attorney must consent to the waiver. Third, the trial court must approve the waiver. Fourth, the defendant's waiver must be voluntary, knowing and intelligent." *Martin*, 704 F.2d at 271. To protect the right to a jury trial, Fed.R.Crim.P. 23(a) provides: "Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government." Fed.R.Crim.P. 23(a)

does not explicitly require that a written waiver be signed before the trial begins.

Defendant does not contend that his waiver was involuntary or that his trial attorney misrepresented his desire for a bench trial. Rather, Defendant maintains that his waiver was ineffective because it was late.

Defendant argues that the absence on the record of a waiver of the right to a trial by jury cannot be remedied after the trial begins with anything other than a new trial. Defendant relies on *United States v. Saadya*, 750 F.2d 1419, 1420 (9th Cir.1985) (holding that a defendant may not waive his right to a jury trial without meeting the requirement of Fed.R.Crim.P. 23 that the waiver be in writing, unless the record clearly reflects that defendant personally gave express consent in open court, intelligently and knowingly). There, however, the Ninth Circuit stated that the waiver must occur before the trial begins because a post-trial waiver is not sufficiently reliable and might be based on "subtle coercion" not detectable in the appellate record. *Id.* at 1422 n. 2 (quotations omitted). The Ninth Circuit also required the waiver to appear on the record when the right was waived so that a "defendant would understand that his waiver was 'an important step in the trial,'" and so that "the judge might question the defendant and evaluate his responses at the time the decision was made." *Id.*

This case differs factually from *Saadya*. In *Saadya*, there was no written waiver of the right to a jury trial. Here, the waiver was written, however it was entered on the record after the trial had begun but before it ended. Defendant's waiver was discussed among the parties and the district court, but it was not then reduced to writing until it was subsequently was executed "on the advice of counsel." Thus, Defendant's belated written waiver essentially ratifies the bench trial and precludes by estoppel his appellate claim that he was denied his right to a jury trial. In *United States v. Page*, 661 F.2d 1080 (5th Cir. 1981), where no written waiver was ever filed, the Fifth Circuit observed:

> The court did what [defendant], explicitly by counsel and implicitly by his own conduct, asked it to do. [Defendant] will not now be heard to say that the court fell into technical error in the process of effectively carrying out his request. To do so would be to make of the courtroom a bear-garden, casting the trial judge as the bear.

*Page*, 661 F.2d at 1083; *see also United States v. DeMichael*, 692 F.2d 1059, 1061 (7th Cir.1982)(holding defendant who was present when the jury was discharged and who signed a four-page stipulation of facts was not entitled to a new trial, even though he never explicitly waived his right to a jury trial. His contention that he did not knowingly and intelligently waive his right to a jury was "an obvious afterthought."); *United States v.. Prichard*, 875 F.2d 789, 790 (10th Cir.1989) (per curiam) (holding that absent prejudice to the defendant, failure to reduce a waiver to writing as required by Fed.R.Crim.P. 23(a) does not warrant habeas relief.).

### III.  CONCLUSION

Defendant was not denied his fundamental right to a jury trial; rather, only the benefit of prompt compliance with Fed. R.Crim.P. 23(a). Therefore, we AFFIRM.