IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20504
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

EBENOR ADONAY CALIX-ZAPATA

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-229-ALL
--------------------
February 7, 2003

Before KING, Chief Judge,and DeMOSS and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Ebenor Adonay Calix-Zapata appeals his conviction under

8 U.S.C. § 1326 for being present illegally in the United States

following deportation and conviction for an aggravated felony.

Calix-Zapata was found guilty in a bench trial and was sentenced

to seventy months' imprisonment and three years' supervised

release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Calix-Zapata contends that he was denied the right to a jury trial. He asserts that FED. R. CRIM. P. 23(a) requires a written waiver of the right to a jury trial, that a written waiver was not obtained, and that he did not execute an express and intelligent oral waiver. He argues that his case is controlled by United States v. Mendez, 102 F.3d 126 (5th Cir. 1997), and that the error is a structural defect of constitutional dimension that requires an automatic reversal.

Rule 23(a), FED. R. CRIM. P., requires that in criminal cases, the accused be afforded a trial by jury unless the right is waived "in writing with the approval of the court and the consent of the government." FED. R. CRIM. P. 23(a); see U.S. CONST. Art. III, § 2, cl. 3. Nevertheless, we recognize a "limited exception" to the requirement of a written waiver. Mendez, 102 F.3d at 129.

Calix-Zapata's case is distinguishable from the facts in Mendez. Mendez was from a poor family in rural Columbia, could not speak or understand English, did not understand the purpose of a jury, had been in this country only a few days before his arrest, claimed to have not spoken with his lawyer about a waiver, and did not have an opportunity to voice an objection to the dismissal of the venire. Id. Calix-Zapata addressed the district court in English, lived in the United States for over ten years prior to the instant offense, is familiar with the

American justice system, and has been trained and employed as a welder.

The district court did not proceed with a bench trial in Calix-Zapata's case as if there was no other available option. The district court relied on the Federal Public Defender's representation that Calix-Zapata wished to proceed with a bench trial on stipulated facts. When Calix-Zapata expressed uncertainty regarding the proceedings, the district court entertained his questions and concerns, explained his options, allowed him to confer with counsel, and allowed him to make an informed and unpressured choice. The district court ascertained on the record that Calix-Zapata chose to proceed with the bench trial. A review of the record reveals that Calix-Zapata intelligently waived his right to a jury trial and that his case falls within the limited exception described in United States v. Page, 661 F.2d 1080, 1080-81 (5th Cir. 1981).

Calix-Zapata challenges the denial of his motion to suppress evidence of his administrative deportation. He argues that the deportation was conducted in violation of his rights to due process. He asserts that the absence of a record of the administrative deportation and the fact that a non-judicial Immigration Service official presided over the deportation were structural errors that rendered the proceedings so unfair that he does not have to show actual prejudice. He acknowledges that his argument is foreclosed by our opinion in United States v.

Benitez-Villafuerte, 186 F.3d 651 (5th Cir. 1999), but he seeks to preserve the issue for Supreme Court review.

Calix-Zapata contends that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the indictment. He acknowledges that his argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).

The judgment of the district court is AFFIRMED.