# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 4, 2011

No. 09-20763
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CLARENCE LEWIS, III,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-682-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Clarence Lewis, III, was convicted in a bench trial of one count of conspiracy to commit wire fraud and four counts of wire fraud, and he was sentenced to 180 months of imprisonment and three years of supervised release on each count, to be served concurrently. He was also ordered to pay $3,567,328.05 in restitution.

Lewis argues that his waiver of his right to a jury trial in favor of a bench trial did not comply with the requirements of Federal Rule of Criminal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Procedure Rule 23(a) and was not made knowingly and voluntarily. We assume without deciding that the de novo standard of review applies.

Concerning the district court's compliance with Rule 23(a), Lewis contends that the waiver was not explicitly approved by the district court or consented to by the Government as Rule 23(a) requires. However, the record belies this argument. Lewis also contends that a waiver that was filed and signed electronically only by his attorney did not comply with Rule 23(a)'s requirement that the waiver be in writing. However, regardless whether this waiver met Rule 23(a)'s writing requirement, in light of Lewis's apparent intelligence and understanding of the court's admonishments and questioning concerning his waiver of a jury trial in favor of a bench trial and in light of Lewis's failure to object to a bench trial, Lewis's case came within a limited exception to the writing requirement. *See United States v. Page*, 661 F.2d 1080, 1080-83 (5th Cir. 1981). Furthermore, the record indicates that Lewis's waiver was made expressly and intelligently. *See United States v. Mendez,* 102 F.3d 126, 130 (5th Cir. 1996).

AFFIRMED.