# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-41168
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 7, 2020

Lyle W. Cayce
Clerk

ROBERT HARLEY MCCRAY,

Plaintiff-Appellant

v.

CARL MCKELLAR; LORI PARKER; JOHN A. RUPERT; JEFFREY W. CATOE; BRIAN P. COOPER; JEFFERY S. RICHARDSON; GIDGETT A. MCKNIGHT; GUILLERMO M. DELA ROSA; JOSEPH T. EMBRA; DENNIS E. HUNT; MARK E. HOUSE; SHEILA H. BOYD; DANIEL C. WHITE; DAVID A. GIVENS; SARAH POINDEXTER; CORIA; JACINTO ASSAVA; THOMAS MACIEL; MARY LANE; WANDA OLIVER; PAUL SHRODE; DEBORAH KENDALL,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:16-CV-1157

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Robert Harley McCray, Texas prisoner # 422744, filed a 42 U.S.C. § 1983 civil rights lawsuit against numerous officials at the Coffield Unit of the Texas

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-41168

Department of Criminal Justice-Correctional Institutions Division (TDCJ) and employees of the University of Texas, Medical Branch (UTMB), complaining that they had been deliberately indifferent to his safety and serious medical needs and had not properly processed his grievances complaining about same. The district court dismissed his claim that TDCJ officials improperly processed his grievances and that they were deliberately indifferent to his safety as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915A. The remainder of his claims were dismissed at the summary judgment stage.

McCray now challenges the district court's § 1915A dismissal of his claims against Coffield Unit officials for failing to discover and fix the hazard posed by protruding floor bolts, which caused him to fall and injure himself, as well as the summary-judgment dismissal of his claim against the UTMB employees for being deliberately indifferent to his medical needs by failing to adequately treat his injury. He additionally argues that the district court erred in refusing to strike the UTMB defendants' untimely answer and enter a default judgment against them, renewing his assertion that the magistrate judge was biased against him.

Even if his brief is afforded very liberal construction, McCray has abandoned by failing to brief any argument renewing his claim that his grievances were improperly investigated. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). He has likewise abandoned by failing to brief any argument challenging the district court's reasons for denying his motion for a preliminary injunction or for dismissing his deliberate-indifference claims against Sgt. Hunt and Officer House. *See id.; see also Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Inasmuch as McCray now contends that TDCJ officials violated the Americans with Disabilities Act (ADA), this court will not consider the claim. *See Finley*

2

No. 18-41168

*v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001); *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996).

We review the § 1915A dismissal of McCray's claim that Coffield Unit officials were deliberately indifferent to his safety de novo. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). To the extent that McCray argues that the district court erred in dismissing his claim without affording him the opportunity to amend his complaint, the argument is meritless given that he was afforded a *Spears*[1] hearing prior to dismissal and thus presented his best case prior to dismissal. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *see also Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994).

Viewing the allegations in the complaint and at the *Spears* hearing in the light most favorable to McCray, the district court did not err in determining that he failed to state a claim that the Coffield Unit officials were deliberately indifferent to his safety. The facts alleged by McCray did not show that the officials were actually aware that a metal bolt protruded from the floor, presenting a risk of harm to inmates, or that, despite that knowledge, they intentionally disregarded such risk. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Instead, McCray alleged that the defendants should have been aware that there were protruding bolts and would have been aware of same had they conducted adequate investigation as required by prison policies, which fails to state an Eighth Amendment claim. *See Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999); s*ee also Longoria v. Texas*, 473 F.3d 586, 593 n.9 (5th Cir. 2006). The district court's § 1915A dismissal was thus not erroneous. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

McCray's assertion that the UTMB defendants' untimely answer entitled him to a default judgment as a matter of right is patently incorrect.

---

[1] *Spears v. McCotter,* 766 F.2d 179, 182 (5th Cir. 1985).

*See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). The district court found both that the delay was not willful and that the record was insufficient to establish whether the UTMB defendants' answer was in fact untimely. McCray has abandoned by failing to brief any challenge to these findings, and he therefore fails to demonstrate any abuse of discretion on the district court's part. *See id.; see also Yohey*, 985 F.2d at 224-25. To the extent that McCray asserts that the magistrate judge's denial of his motion to strike and other adverse rulings demonstrated that the magistrate judge was biased against him, his argument is unavailing. *See United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007).

We review the district court's summary judgment dismissal of McCray's claim that the UTMB defendants were deliberately indifferent to his serious medical needs de novo. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 328 (5th Cir. 2017). Because the undisputed facts demonstrate that McCray was provided with immediate and ongoing care for his injury and further demonstrate that the defendants neither refused to treat him nor ignored his complaints, did not intentionally treat him incorrectly, and did not otherwise act in wanton disregard for his serious medical needs, summary judgment was appropriate. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *see also Austin,* 864 F.3d at 328-29. The uncontested evidence additionally established that any delay in treatment was not due to deliberate indifference and did not result in any substantial harm to McCray, even if it did not alleviate all of his symptoms. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). McCray's complaint amounts to no more than a disagreement with his course of treatment, which is insufficient to establish deliberate indifference. *See Gobert*, 463 F.3d at 346.

No. 18-41168

Accordingly, the district court's judgment is AFFIRMED. McCray's motion to supplement the appellate record with evidence not presented to the district court is DENIED. *See* FED. R. APP. P. 10(e); *United States v. Page*, 661 F.2d 1080, 1082 (5th Cir. 1981).