Terry Lynn **FONTNETTE**,[1] Appellant,

v.

The **STATE of Texas**, Appellee.

No. 09–99–411CR.

Court of Appeals of Texas, Beaumont.

Submitted June 29, 2000.

Decided Aug. 16, 2000.

---

1. This is the spelling that appears on the face of the judgment and sentence. Appellant spells his name "Fontenette," yet apparently carries a driver's license listing his name as "Terry Lynn Fontenot."

648

Tom Maness, Crim. Dist. Atty., Rodney D. Conerly, Asst. Crim. Dist. Atty., Beaumont, for state.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

RONALD L. WALKER, Chief Justice.

This is an appeal from a conviction for the felony offense of Aggravated Sexual Assault. The trial court assessed punishment at confinement in the Texas Department of Criminal Justice—Institutional Division for a term of twenty-two years. Appellate counsel raises two issues for our consideration, *viz:* (1) "Appellant's plea of guilty was involuntary"; and (2) "Appellant was denied the effective assistance of counsel." We will affirm.

The record reflects that the cause was set for trial, voir dire conducted, and a jury selected. Apparently being dissatisfied with the composition of the jury, appellant thereafter pleaded guilty to the charge. Appellant contends the plea was without benefit of a plea bargain agreement,[2] and the State does not take issue with this. The record reflects that appellant was fully admonished per the requirements of Tex.Code Crim. Proc. Ann. art. 26.13 (Vernon 1989 & Supp.2000). The cause was reset to a later date in order for a pre-sentence investigation report (PSI) to be prepared.

While not material to this appeal, it appears from the record that Fontnette pleaded guilty to the offense made the subject of this appeal at the same plea proceeding at which he pleaded guilty to the felony charge of Injury to a Child in Cause Number 77449. As with the instant case, the trial judge deferred a finding of guilt in the Injury to a Child offense and reset the cause to a later date in order to allow time for preparation of the PSI.

When the proceedings reconvened a little over two months later, each cause was re-called separately for sentencing. The Injury to a Child cause was re-called first by the trial court. Immediately thereafter, appellant's trial counsel made an oral motion to withdraw appellant's previous

2. Among the plea papers contained in the clerk's record before us is a form entitled "Unagreed Punishment Recommendations." The State's recommended punishment was "cap of 25 ID," and appellant's recommendation was "10/10 regular probation with high fine to run cc with 77449." We are not faced with the issue of whether or not the State's punishment "recommendation" would have triggered the provisions of Tex.Code Crim. Proc. Ann. art. 26.13 (Vernon 1989 & Supp. 2000), because the trial court assessed punishment at twenty-two years of confinement in the penitentiary, and neither party makes an issue of it. We also note that appellant's punishment recommendation, had it been assessed, would have resulted in a void judgment as the trial court cannot assess a probated sentence following a conviction for an offense under Tex. Pen.Code Ann. § 22.021 (Vernon Supp.2000). *See* Tex.Code Crim. Proc Ann. art. 42.12, Sec. 3g(a)(E) (Vernon Supp.2000).

plea of guilty. The trial court initially denied the motion. Thereafter, an extensive colloquy took place between appellant's trial counsel, the trial court, and the attorney for the State. Trial counsel admitted she had failed to adequately inform Fontnette of certain allegations contained in the Injury to a Child indictment prior to appellant's guilty plea. Appellant later denied those allegations. Based on the information elicited at the hearing, the trial court permitted appellant to withdraw his plea in the Injury to a Child cause.

Immediately on the heels of this ruling, the trial court re-called the instant cause for sentencing. The appellant requested to address the court and then made the following statement:

> THE DEFENDANT: I have pled guilty to the charges and I was very afraid, as I said, but I do have evidence now that shows that I am free of all these things. I've gotten Star people and they have given me the time schedule as to where I went to the turnstiles at work. I've gotten with my— with a person that takes care of the time for Conex. Everything is in motion as to where I'm not even these two places at the same time. I have been at work on these days. One week before and one week after the. [sic] I have those records that shows I wasn't even at home on those times. And I have my superintendent, which is Joe Rice who works for Conex who is willing to also come out here and testify.
>
> The reason why we really didn't have a defense ready, and like I said, the jury and everything made me so afraid I didn't know what to do.

The trial court characterized appellant's statement as a motion for new trial. When appellant responded affirmatively, the trial court denied the request and insisted that the proceedings continue with any further remarks limited to the issue of punishment only. Trial counsel continued, nevertheless, to insist on appellant's innocence and her firm belief in this through-out her representation of appellant. The following exchange then took place:

> THE COURT: Let me say this, [TRIAL COUNSEL]. Whether he was in fear or not, I'm sure that every person that has been indicted, that comes before this Court, that he would have a certain amount of fear, right?
>
> [TRIAL COUNSEL]: I would think that would be proper.
>
> THE COURT: You're telling me that you always believed that your client was innocent, and yet you stood there and allowed your client to plea to [sic] guilty to something that you now claim that you always believed in his innocence, right?
>
> [TRIAL COUNSEL]: Not— I don't make those— no, sir. But may I finish?
>
> THE COURT: On the issue of punishment, yes.

The trial judge ultimately refused to reconsider his decision, adjudicated appellant guilty of Aggravated Sexual Assault, and sentenced him to the penitentiary for twenty-two years.

Appellate counsel, in his brief to this Court, summarizes his arguments as follows:

> Appellant's plea of guilty was involuntary, based upon the ineffective assistance of his counsel. The totality of the record indicates that appellant was uninformed, ill-advised, had no defense prepared, and basically plead guilty notwithstanding his insistence upon his innocence to his trial counsel. The legal evidentiary basis supporting the plea was a judicial confession which appellant and his counsel contended was false. Appellant contends that he therefore failed to receive the effective assistance of counsel to which he was entitled under the Sixth Amendment to the United States Constitution, and applicable state constitutional provisions and case law, and he did not enter his plea of guilty voluntarily.

At the outset, we must disagree with appellate counsel's strong reliance in the instant case on what transpired during the sentencing proceeding of Cause Number 77449. There, trial counsel eventually admitted ineffectiveness in failing to fully discuss the allegations in the Injury to a Child indictment with appellant prior to his guilty plea. Deficiencies of counsel in that case are not necessarily transferrable to the instant case. The record of the sentencing proceeding of the instant case does not reflect an admission from trial counsel of deficient performance prior to appellant's guilty plea. While we do not completely dismiss this "where there's smoke there's fire" type argument to show deficient performance, we are cognizant of the fact that an allegation of ineffective assistance must be firmly founded and affirmatively demonstrated in the record. *See McFarland v. State,* 928 S.W.2d 482, 500 (Tex.Crim.App.1996). Furthermore, we must indulge in a strong presumption that trial counsel's conduct was reasonable. *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674, 694–95 (1984).

The record before us of the sentencing proceeding in Cause Number 77450, the instant case, does not support appellant's contention that his plea was involuntary or that trial counsel was ineffective with regard to that lone cause. While it is true that appellant stated during the punishment hearing that at the time of his guilty plea he had no "defense ready," it is never explained why the alleged alibi evidence did not surface until apparently after he pleaded guilty. We certainly cannot infer that trial counsel was to blame. The record is silent as to this contention.

Similarly, the contention that appellant pleaded guilty "uninformed" and "ill-advised" is also not supported in the sentencing proceeding of the instant cause. Appellant was meticulously and scrupulously admonished by the trial court in accordance with the requirements of art. 26.13. There is no evidence that, as to the Aggravated Sexual Assault indictment, trial counsel did not fully discuss the allegations contained therein prior to his guilty plea.

In further support of the involuntariness/ineffectiveness argument, appellate counsel points to the fact that trial counsel apparently permitted appellant to execute a false judicial confession and stood mute while appellant swore to the trial court that he was guilty and that "everything that's stated in this indictment [is] true and correct[.]" "[T]he criminal defense lawyer controls the progress of a case, while the client confronts only three personal decisions: [1] his plea to the charge, [2] whether to be tried by a jury, and [3] whether to testify on his own behalf." *Jackson v. State,* 766 S.W.2d 504, 508 (Tex.Crim.App.1985), modified on other grounds on remand from the U.S. Supreme Court, 766 S.W.2d 518 (Tex.Crim. App.1988). Accordingly, the appellant, as opposed to trial counsel, has the ultimate authority to make the decision to plead guilty to the charged offense. See id.; see also *Goodie v. State,* 735 S.W.2d 871, 874 (Tex.App.—Houston [14th Dist.] 1987), pet. ref'd, 745 S.W.2d 379 (Tex.Crim.App. 1988). The Court of Criminal Appeals has stated that the "only required duty of counsel under the most liberal construction when a plea of guilty is entered is that counsel should ascertain if the plea is entered voluntarily and knowingly." *Butler v. State,* 499 S.W.2d 136, 139 (Tex.Crim. App.1973). While we recognize that a guilty plea is not voluntary if made as a result of ineffective assistance of counsel, see *Gonzales v. State,* 963 S.W.2d 844, 848 (Tex.App.—San Antonio 1998, no pet.), the record before us from the instant plea and sentencing proceedings provides no evidence of deficient performance by trial counsel as to the Aggravated Sexual Assault cause. We therefore overrule both appellate issues and affirm the judgment and the sentence of the trial court.

AFFIRMED.