# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 12, 2012

No. 11-30645

Lyle W. Cayce
Clerk

DEIDRE A. PIERRE,

Petitioner - Appellant

v.

MARIANA LEGER, Warden, Louisiana Correctional Institute for Women,

Respondent - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:09-CV-1881

Before KING, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Following a bench trial, Deidre Pierre, Louisiana prisoner # 445265, was convicted of one count of second-degree murder and one count of attempted second-degree murder. She was sentenced to life in prison for the murder and to a term of ten years imprisonment for the attempted murder. Pierre filed a 28 U.S.C. § 2254 petition alleging that nothing in the record shows that she knowingly and intelligently waived her constitutional right to a jury trial. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30645

district court denied the petition with prejudice. Pierre appeals the district court's denial of her petition. We affirm.

## I. BACKGROUND

On February 13, 1998, Pierre fatally shot her three-year-old son. Pierre then shot and injured her husband before turning the gun on herself. The State of Louisiana indicted Pierre for first-degree murder of her son and attempted first-degree murder of her husband. The indictment was amended to charge her with the offenses of second-degree murder and attempted second-degree murder. Pierre pled not guilty and not guilty by reason of insanity to these charges. The trial judge determined that Pierre waived her right to a jury trial. Following a bench trial, the judge found Pierre guilty of both charged offenses. Pierre was sentenced to life imprisonment on her conviction of second-degree murder, to run consecutively with a sentence of ten years at hard labor on her conviction of attempted second-degree murder.

In her direct appeal, Pierre argued that the record did not show that she knowingly and intelligently waived her right to a jury trial. The appellate court agreed: it reversed and set aside her convictions and sentences, and remanded the case for a new trial. *State v. Pierre*, 827 So. 2d 619, 623 (La. App. 3d Cir. 2002). The State filed a writ application to the Supreme Court of Louisiana seeking review of the appellate court's judgment. The Supreme Court of Louisiana granted the writ, reinstated Pierre's convictions and sentences, and remanded to the appellate court for consideration of the other claims raised on appeal. *State v. Pierre*, 842 So. 2d 321, 322 (La. 2003) (per curiam). On remand, the appellate court affirmed Pierre's convictions and sentences. Pierre filed a petition for writ of certiorari to the Supreme Court of Louisiana, which was denied. Pierre's attempts to obtain state post-conviction relief were unsuccessful.

Pierre then filed a petition for writ of habeas corpus in the federal district court. After the district court denied Pierre's petition and her request for a

No. 11-30645

certificate of appealability, Pierre presented this court with her request for a certificate of appealability. We found that Pierre made a "substantial showing of the denial of [her] constitutional right" to a jury trial. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[1] Accordingly, we granted a certificate of appealability on the issue of whether the record shows that Pierre knowingly and intelligently waived her right to a jury trial.

## II. STANDARD OF REVIEW

This court has jurisdiction over this habeas corpus proceeding pursuant to 28 U.S.C. § 2253(a). In an appeal from a denial of a habeas petition, we review the district court's findings of fact for clear error, while reviewing its conclusions of law de novo, applying the same standards to the state court's decision as did the district court. *Buntion v. Quarterman*, 524 F.3d 664, 670 (5th Cir. 2008).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to Pierre's petition. Under the standard of review set forth by AEDPA, federal courts must defer to state court determinations of the merits of a state prisoner's claims. 28 U.S.C. § 2254(d). Questions of law and mixed questions of law and fact are reviewed under section 2254(d)(1), and questions of fact are reviewed under section 2254(d)(2). *Horn v. Quarterman*, 508 F.3d 306, 312 (5th Cir. 2007). A state court's determination of questions of law and mixed questions of law and fact must be given deference unless the state court decision was "contrary to" or involved an "unreasonable application of" clearly established Supreme Court precedent. § 2254(d)(1). A state court's factual findings are presumed correct, and a reviewing court must give deference to such findings unless they were based on an "unreasonable determination of the facts" in light of the record before the state court. § 2254(d)(2).

---

[1] Namely, Pierre showed that reasonable jurists could debate the propriety of the district court's decision on this issue. *Slack*, 529 U.S. at 484 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

No. 11-30645

Whether Pierre knowingly and intelligently waived her constitutional right to a jury trial is a legal question. *See Johnson v. Cain*, 196 F.3d 1258 (5th Cir. 1999) (per curiam) (unpublished); *cf. Marshall v. Lonberger*, 459 U.S. 422, 431-32 (1983) (voluntariness of state prisoner's guilty plea is a question of law but historical facts are entitled to presumption of correctness); *Barnes v. Johnson*, 160 F.3d 218, 222 (5th Cir. 1998) (voluntariness of accused's confession is a legal question that may involve subsidiary factual determinations), *cert. denied*, 526 U.S. 1118 (1999). Thus, regarding this issue, section 2254(d)(1) provides the standard of review. Under section 2254(d)(1), a state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A decision involves an unreasonable application of federal law "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Id*. The test for determining whether there was an unreasonable application is objective. *Id*. at 409. A federal court cannot grant habeas relief by concluding only that the state court applied clearly established federal law incorrectly; the court must conclude that such application was also unreasonable. *Id*. at 410 ("[An] *unreasonable* application of federal law is different from an *incorrect* application of federal law.").

Although the question of whether Pierre made an effective waiver is reviewed under section 2254(d)(1), it may involve subsidiary factual questions subject to review under section 2254(d)(2). We may grant habeas relief under this prong of AEDPA if the state court decision was based on an unreasonable determination of the facts in light of the record before the state court. *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011). This is a "highly deferential standard . . . which demands that state-court decisions be given the benefit of

No. 11-30645

the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (citation and internal quotation marks omitted). The state court's factual findings are presumed to be correct, and petitioner has the burden of rebutting this presumption by clear and convincing evidence. *See Wesbrook v. Thaler*, 585 F.3d 245, 251 (5th Cir. 2009) (citing 28 U.S.C. § 2254(e)(1)).[2]

In determining whether to grant Pierre relief, we must examine the state habeas decision. However, in September 2009, the Supreme Court of Louisiana issued a one-word denial of Pierre's writ application. When the reviewing federal court is "faced with a silent or ambiguous state habeas decision, the federal court should 'look through' to the last clear state decision on the matter." *Jackson v. Johnson*, 194 F.3d 641, 651 (5th Cir. 1999). The last clear state court decision on whether Pierre knowingly and intelligently waived her right to a jury trial was the Supreme Court of Louisiana's ruling of March 28, 2003. As we will explain, that ruling is entitled to deference and should not be disturbed.

## III. DISCUSSION

Pierre argues that she is entitled to federal habeas relief because she did not knowingly and intelligently waive her Sixth Amendment right to trial by jury. The issue before us is whether, in light of the state record, the Supreme Court of Louisiana could have reasonably determined that Pierre made a knowing and intelligent waiver of her right to a jury trial through her attorney.

*A. Waiver of the Sixth Amendment Right to Trial by Jury*

The Sixth Amendment right of the defendant to a jury trial in a criminal case is a fundamental constitutional right. *Duncan v. Louisiana*, 391 U.S. 145, 157-58 (1968). Federal law governs whether a defendant has waived this right.

---

[2] AEDPA does not require petitioner to prove by clear and convincing evidence that the decision was based on an unreasonable determination of facts. *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003). Rather, section 2254(e)(1) "pertains only to state-court determinations of factual issues, rather than decisions." *Id.*

No. 11-30645

*Boykin v. Alabama*, 395 U.S. 238, 243 (1969). Under federal law, a defendant may waive her right to a jury trial, provided that she does so voluntarily, knowingly, and intelligently. *See Brady v. United States*, 397 U.S. 742, 748 (1970); *Singer v. United States*, 380 U.S. 24, 34 (1965). Whether a defendant has effectively waived this right depends upon "the unique circumstances of each case." *Adams v. United States ex rel. McCann*, 317 U.S. 269, 278 (1942). But in no case may a court presume that a defendant has waived her right to a jury trial from a silent record. *Boykin*, 395 U.S. at 243.

Although Pierre and the State disagree as to whether the record reflects that Pierre made a knowing and intelligent waiver, the record is not silent as to this question. From the record, it appears that Pierre was absent when her attorney first waived the jury trial: the minutes indicate that Pierre was in the courtroom at this time, whereas the trial transcript indicates that she was absent. The record is clear, however, that Pierre was present in court on the second day of trial, when the judge inquired as to whether the parties wanted to confirm the waiver on the record. The transcript shows the following conversation among the court, prosecutor, and defense counsel:

> The Court:     Do you want to put the jury waiver on the record?
>
> Prosecutor:     Yes, if we could, Judge. I just want to clarify for the record, I was not present in court at 9:30 - I was in another courtroom - when the waiver of a jury trial was made by [defense counsel]. I would just ask that be clarified, for the record, that he was authorized to do that by his client, so we can be on the record on that.
>
> Defense:     Your Honor, Ms. Pierre and I spoke about the possibility of a jury trial, as well as a judge trial; that in the course of our discussions, we determined, mainly through me, because she was relying on my expertise in this matter, whether

6

No. 11-30645

to waive the jury trial, and that was our determination at the time. She wasn't present in the courtroom. She was in the jury room. At the time, I did put on the record that we were waiving her jury trial. She is present now. And if the Court would entertain a question to her whether she agrees to that.

The Court:     For the record, just for the record purpose, are you waiving your right to a trial by jury?

Defense:     She wants to speak with me for a second.

After a discussion off the record between defense counsel and petitioner, the conversation resumed:

Defense:     Your Honor, I've spoken with Ms. Pierre. She had some questions about whether it was in her best interest to waive the jury. She and I had spoken before yesterday. We had spoken about it last week and in prior times that I met with her. She is, at this time, uncertain as to whether that was in her best interest or not.

The Court:     Well, we're going to bring the jury in and start a jury trial. Okay. We have a jury trial starting at 1:30.

Prosecutor:     Judge, may we approach?

The Court:     Yes.

The bench conference then proceeded as follows:

Prosecutor:     The issue is not what would be in the best interest now. The issue is now: Did she discuss with [her attorney] and determine and authorize him to waive the jury trial? Which he said she did. It's as simple as that. That's the issue. That's

7

No. 11-30645

the question, whether or not that was done. That's the only issue.

The Court:    We can conduct a hearing on that issue.

Prosecutor:    Well, I mean, we've heard [defense counsel] state that for the record.

Defense:    That's correct, Your Honor. What I've told the Court is correct.

Prosecutor:    Frankly, that's the clarification I was looking for, not now to have her withdraw.

The Court:    You can proceed.

The parties disagree as to whether this conversation shows that Pierre made a knowing and intelligent waiver of her right to a jury trial through her attorney.

According to Pierre, the record does not support the finding that she knowingly and intelligently waived her right to a jury trial through defense counsel. Pierre argues that the record does not show that she authorized her attorney to waive the jury. She further argues that memorializing the earlier waiver did not make that waiver effective in light of the transcript. In her view, the transcript presents no evidence that defense counsel ever advised her of her right to a jury trial, or that she understood the right so as to be able to knowingly and intelligently waive it. In short, Pierre points to the absence of evidence in the record as support for her argument that she did not personally waive her right to a jury trial or authorize defense counsel to waive it.

The State argues the converse is true. It is undisputed, the State asserts, that Pierre was present when defense counsel stated for the record that he had consulted with her numerous times about her right to trial by jury, and that she authorized him to waive the jury trial. As the transcript shows, Pierre did not disagree or advise the court to the contrary. Further, neither she nor her

attorney objected to the continued bench trial or requested a jury trial, even after the trial judge offered one. The State argues that Pierre's failure to act clearly evinces a knowing and intelligent waiver of her right to a jury trial, noting that the Supreme Court of Louisiana had so held.[3]

### B. The Reasonableness Standard Under AEDPA

Under the applicable AEDPA standard of review, § 2254(d)(1), we must affirm the district court's denial of Pierre's habeas petition unless the state court's decision was contrary to or involved an unreasonable application of clearly established Supreme Court precedent. "Because no Supreme Court case involves facts nearly identical to those before us, [Pierre's] appeal is governed by the 'unreasonable application' prong of AEDPA." *Scott v. Cain*, 364 F. App'x 850, 853 (5th Cir. 2010) (per curiam), *cert. denied*, 130 S. Ct. 3519 (2010) (citing *Taylor v. Cain*, 545 F.3d 327, 334 (5th Cir. 2008)). AEDPA effectively decides the issue in this case: Pierre is not entitled to habeas relief because we cannot say that the state court applied Supreme Court precedent to the facts of this case in an objectively unreasonable manner. *See Williams*, 529 U.S. at 413.

Pierre's claim that she is entitled to habeas relief because the record does not reflect that she authorized the waiver is unpersuasive. We have held that "[c]ourt records alone may be insufficient to establish a waiver of [fundamental

---

[3] The Supreme Court of Louisiana found that the record reflects that counsel waived a jury trial on petitioner's behalf, that the state trial court memorialized the earlier waiver when petitioner was present, and that the memorialization came in light of comments by defense counsel that he and Pierre had discussed the waiver at length on several occasions, and that both had agreed to it. *Pierre*, 842 So. 2d at 322. Notably, Louisiana Courts have limited *Pierre*'s holding to the factual highlight of the extensive discussions between Pierre and her attorney. *See State v. Onstead*, 875 So. 2d 908, 917-18 (La. App. 5 Cir. 2004) (holding that *Pierre* involved the unique factual situation where "defense counsel specifically stated that he and his client had discussed the waiver at length on several occasions, and that both had agreed to the waiver" and that generally, "it is preferable for the trial court to advise a defendant of the right to trial by jury in open court before obtaining a waiver" and "it is preferable, but not necessary, for the defendant to personally waive the right to a jury trial" (citations omitted)).

constitutional rights] if they are ambiguous." *Williford v. Estelle*, 672 F.2d 552, 554 (5th Cir. 1982) (citing *Moran v. Estelle*, 607 F.2d 1140, 1144 (5th Cir. 1979) (finding that a minute entry, the contents of which defendant disputed, could not by itself establish waiver)). The record in this case, which twice has been submitted to the Louisiana Supreme Court, does not suffer from such ambiguity. The transcript shows that defense counsel, at the time of trial and in Pierre's presence, informed the court that he had consulted with Pierre numerous times about waiving the jury trial, and that Pierre had agreed with him to do so.[4] The transcript further shows that Pierre did not object to the bench trial at any time between when the court asked her if she wished to waive her right to a jury trial and when it memorialized the waiver on the record. At no point during the bench trial did Pierre object to the waiver. Under section 2254(d)(2), Pierre must show that the state decision was based on the unreasonable determination that she consented to the waiver in light of the state court record as determined by the Louisiana Supreme Court. We find that Pierre has failed to make this showing. The state court could have reasonably determined from the totality of the record that Pierre authorized defense counsel to waive her right to a jury trial.

Pierre's claim that her waiver was invalid because she did not personally waive her right to a jury trial is also unavailing. This court has found that a defendant may waive this right through counsel. *See United States v. Page*, 661 F.2d 1080, 1080-83 (5th Cir. Nov. 1981). Because the Supreme Court has not held that a defendant must personally waive her right to a jury trial, *see Scott*, 364 F. App'x at 855, we cannot find that the state court unreasonably applied clearly established federal law to the facts of this case in determining that the lack of personal waiver did not render Pierre's waiver ineffective.

---

[4] We note defense counsel's constitutional effectiveness was scrutinized during three days of evidentiary hearings and was upheld.

No. 11-30645

A defendant may waive her right to a jury trial through her attorney, *see Page*, 661 F.2d at 1080-83, but this court has held that such waivers must be knowing and intelligent. *See United States v. Mendez*, 102 F.3d 126, 130-31 (5th Cir. 1996); *see also Patton v. United States*, 281 U.S. 276, 312 (1930) ("Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact-finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to *the express and intelligent consent of the defendant*.) (emphasis added)), *overruled on other grounds by Williams v. Florida*, 399 U.S. 78, 92 (1970). We found that the defendant in *Page* was a "learned, articulate man suffering neither language nor perceptive difficulty." *Page*, 661 F.2d at 1083. Thus, we held that the defendant's attorney could waive a jury trial without affirmative action on his client's part. *Id.* By contrast, this court found that the defendant in *Mendez* was "a purported drug mule" who "was unable to speak or understand English" and "did not understand the purpose of a jury." *Mendez*, 102 F.3d at 130-31. Accordingly, in *Mendez* we found that a method of waiver similar to the one used in *Page* was ineffective. *Id.* This court distinguished *Mendez* from *Page* by noting the differences between the two defendants. Whereas Mendez was poorly educated and unable to understand courtroom proceedings, Page was an English-speaking science professor. *Id.* In short, we found, Mendez was "a far cry from Professor Page." *Id.*

The facts in the present case are distinguishable from those in *Mendez*. The district court in *Mendez* scheduled a bench trial in the event the parties failed to reach a plea agreement. Mendez could not have waived his right to a trial by jury: his attorney did not contest the court's decision to schedule a bench trial, and failed to reach a plea agreement. Mendez's right to a jury trial was waived for him by default. *Id.* at 128. As a practical matter, Mendez could not

11

No. 11-30645

have objected to the waiver given his inability to speak or understand English. This became clear at the conclusion of the trial, when Mendez's attorney explained to the court that he had not discussed the issue of waiver with his client because, among other reasons, he was having trouble getting an interpreter into the jail. *Id.* As the district court would discover, Mendez "had little understanding of what was transpiring" and "had infrequent contact with his lawyer." *Id.*

In contrast with Mendez, who neither spoke nor understood English, Pierre both speaks and understands English. The conversation that occurred between the court and both parties on the second day of trial regarding the waiver stands in contrast to the bench trial that occurred by default in *Mendez.* Pierre, having the ability to understand generally what was being discussed, could have objected to the waiver at this time. Whereas Mendez's attorney openly admitted to the district court that he had not discussed waiver with his client due to problems of interpretation, the record indicates that Pierre's attorney discussed waiving the jury with Pierre on several occasions before trial began, and that the waiver was a joint decision. The facts on the record do not suggest that Pierre was a Page, luring the state trial court into error, but neither do they suggest that she was a Mendez, the victim of a language barrier and an incommunicado defense counsel.[5]

---

[5] In her brief, Pierre points to her history of mental health problems and claims that she was not competent to knowingly and intelligently waive her right to a jury trial. Pierre previously had raised the issue of her mental health during post-conviction proceedings but only in connection with claims of ineffective assistance of counsel. We cannot grant relief on the basis of Pierre's claim that she could not have effectively waived the jury because of her mental state at the time of trial. The State competency report and a psychological evaluation found Pierre competent to stand trial. According to these sources, Pierre could participate in her own defense, assist her attorney, understand her legal rights, and distinguish the functions of judge and jury. Given the significant deference we give to state court findings of fact, 28 U.S.C. § 2254(e)(1), Pierre has failed to overcome the presumption that the evaluations were correct and that she was competent to stand trial. We therefore cannot find that Pierre could not make a knowing and intelligent waiver due to her history of mental health problems.

No. 11-30645

Finally, Pierre fails to persuade this court that she was deprived of her constitutional right to a jury trial because, in the absence of a colloquy between her and the trial judge regarding this right, her waiver was not knowing and intelligent. *See Brady*, 397 U.S. at 748. The absence of a colloquy between Pierre and the trial judge regarding her constitutional right to a jury trial does not compel the finding that her waiver was not knowing and intelligent. In accord with several other circuits, this court has recognized that it would be advisable for federal district courts to engage in a colloquy with the defendant about the function of a jury and the difference between a bench and jury trial. *See United States v. Igbinosun*, 528 F.3d 387, 390 n.4 (5th Cir. 2008); *Marone v. United States*, 10 F.3d 65, 68 (2d Cir. 1993) (per curiam); *United States v. Cochran*, 770 F.2d 850, 853 (9th Cir. 1985); *United States v. Martin*, 704 F.2d 267, 275 (6th Cir. 1983); *United States v. Delgado*, 635 F.2d 889, 890 (7th Cir. 1981). But neither this court nor the Supreme Court has defined any "fact-specific constitutional minima for a valid jury waiver," or has "required a set colloquy before a jury waiver can be accepted." *Scott*, 364 F. App'x at 855.[6]

Were this case a federal criminal case on direct appeal, reversal would be obligatory. Fed. R. Crim. P. 23(a)(1). But this court has "no authority to grant habeas corpus relief simply because we conclude, in our independent judgment, that a state supreme court's application of [clearly established federal law] is erroneous or incorrect." *Neal v. Puckett*, 286 F.3d 230, 236 (5th Cir. 2002) (en banc), *cert. denied*, *Neal v. Epps*, 537 U.S. 1104 (2003). We must consider the state court's determination that Pierre, through her counsel, made a knowing and intelligent waiver in light of the standard of review under AEDPA. The

---

[6] The Fourth Circuit has expressly noted the lack of constitutional minima for the waiver of the right to trial by jury. That court found that "[t]he constitutional imperative is this, no less and no more: the waiver must be knowing, intelligent, and voluntary." *United States v. Boynes*, 515 F.3d 284, 286 (4th Cir. 2008).

question now before us "is not whether . . . the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *see Williams*, 529 U.S. at 410. Pierre has not met this threshold. Pierre's argument rests on the claim that the absence of evidence in the record of her personally making a knowing and intelligent waiver means that there was no waiver. Pierre has not shown that it was unreasonable for the state court to find that she waived her right to a jury trial, given the portions of the transcript indicating that defense counsel was authorized to waive this right, and that the waiver was knowing and intelligent. She has thus failed to satisfy the standard of review under AEDPA, which precludes habeas corpus relief except in cases where the state court's decision rested on an unreasonable determination of clearly established federal law. *See Williams*, 529 U.S. at 410. This was not such a case. We find that the decision of the state court, in light of the record, was not objectively unreasonable. It therefore stands.

## IV. CONCLUSION

For the reasons stated, we AFFIRM the judgment below.