# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-20-00420-CR

**Sean Patrick Bunker, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 453RD DISTRICT COURT OF HAYS COUNTY
### NO. CR-17-0391-C, THE HONORABLE DAVID JUNKIN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Sean Patrick Bunker was convicted of the offense of assaulting a public servant and sentenced to five years' imprisonment. *See* Tex. Penal Code §§ 12.34, 22.01. The trial court suspended the sentence and placed him on community supervision for six years. In two issues on appeal, Bunker contends that the trial court erred by denying his motion for new trial because he did not knowingly and voluntarily waive his right to a jury trial and because he received ineffective assistance of counsel. We will affirm the trial court's judgment of conviction.

## BACKGROUND

After being charged with assaulting Officer Jayson Cormier, Bunker and his trial attorney signed a waiver of his right to a jury trial and submitted the waiver to the trial court. Approximately two years later and after the case had been transferred to the bench trial docket, a trial was held. During the trial, Officer Cormier, Bunker, and Bunker's mother testified. At the

end of the trial, the trial court found Bunker guilty. The judgment of conviction reflects that he waived his right to a jury trial.

Following his conviction, Bunker filed a motion for new trial alleging that he did not knowingly and voluntarily waive his right to a jury trial and that his trial attorney provided ineffective assistance by failing to protect his right to a jury trial. The trial court held a hearing on the motion. At the hearing, Bunker testified regarding whether he desired to have a jury trial, and the trial court admitted various exhibits offered by the State and Bunker, including his trial attorney's affidavit. After considering the testimony and other evidence presented, the trial court denied his motion for new trial.

Bunker appeals the trial court's denial of his motion for new trial.

## DISCUSSION

In his two issues on appeal, Bunker argues that the trial court erred by denying his motion for new trial because he did not knowingly and voluntarily waive his right to a jury trial and because his trial attorney provided ineffective assistance.

### Waiver of the Right to a Jury Trial

"A defendant has an absolute right to a jury trial." *Hobbs v. State*, 298 S.W.3d 193, 197 (Tex. Crim. App. 2009); *see* U.S. Const. amend. VI; Tex. Const. art. I, § 15. However, a defendant also has the right to waive that right. *See Adams v. United States ex rel. McCann*, 317 U.S. 269, 275 (1942). The right may be "relinquished" by "an express waiver." *See Davidson v. State*, 225 S.W.3d 807, 811 (Tex. App.—Fort Worth 2007, no pet.). To qualify as an express waiver, there must be an "intentional relinquishment or abandonment of a known right or privilege." *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), *overruled on*

2

*other grounds by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997); *see also Davidson*, 225 S.W.3d at 811 (explaining that "mere acquiescence . . . does not constitute an express waiver"). In other words, "[f]or a waiver of a constitutional right to be valid the record must show that it was voluntarily and knowingly made." *Hobbs*, 298 S.W.3d at 203 n.42; *see also Brady v. United States*, 397 U.S. 742, 748 (1970) (explaining that "[w]aivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences"). The waiver of the right to a trial by jury cannot be presumed "from a silent record." *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). The State must establish that a defendant expressly, knowingly, and intelligently waived his right to a jury trial. *Hobbs*, 298 S.W.3d at 197.

"A trial court's denial of a motion for new trial is reviewed under an abuse-of-discretion standard." *Young v. State*, 591 S.W.3d 579, 595 (Tex. App.—Austin 2019, pet. ref'd). Accordingly, "we reverse only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Gonzalez v. State*, 304 S.W.3d 838, 842 (Tex. Crim. App. 2010) (quoting *Smith v. State*, 286 S.W.3d 333, 339-40 (Tex. Crim. App. 2009)). A trial court's ruling is within that zone "when there are two reasonable views of the evidence." *Burch v. State*, 541 S.W.3d 816, 820 (Tex. Crim. App. 2017). "At a motion for new trial hearing, the judge alone determines the credibility of the witnesses." *Colyer v. State*, 428 S.W.3d 117, 122 (Tex. Crim. App. 2014). "Even if the testimony is not controverted or subject to cross-examination, the trial judge has discretion to disbelieve that testimony." *Id.* Appellate courts view the evidence in the light most favorable to the ruling and presume all reasonable findings that could have been made against the non-prevailing party were made. *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004).

In his first set of arguments in this issue, Bunker contends that the State failed to prove that he had sufficient knowledge to intelligently waive his right to a jury. As support for this proposition, Bunker points to testimony from the hearing on his motion for new trial.[1] At the hearing, Bunker testified that his trial attorney informed him that having a bench trial would be in his "best interest" but never explained what that meant. Further, Bunker stated that he told his attorney multiple times that he wanted a jury trial because he believed that a trial by his peers would be "fair[er]" but that he signed the waiver because he became "scared" when his attorney kept stating that a bench trial would be in his best interest and believed that his attorney had his best interest in mind. In addition, Bunker testified that his attorney did not go over the importance of the waiver when he signed it and that he did not have all the information needed to decide whether to waive his right.

Next, Bunker refers to portions of his testimony in which he explained that he was nervous because he had not been in that type of situation before and "felt like [he] was talked into doing something that [he] really didn't want to do in the first place." Further, Bunker notes that he testified during the hearing that his trial attorney never explained any differences in possible outcomes between a bench trial and a jury trial. Additionally, Bunker points to portions of his attorney's affidavit, admitted into evidence during the motion for new trial, in which his attorney explained that he turned down plea offers because he wanted a "trial" and argues that

---

[1] In his brief, Bunker also points to portions of his affidavit that he attached to his motion for new trial; however, that affidavit was not offered or admitted into evidence during the hearing on the motion. *See Jackson v. State*, 139 S.W.3d 7, 20 (Tex. App.—Fort Worth 2004, pet. ref'd) (explaining that affidavit attached to motion for new trial "is not evidence itself" and that "affidavit must be introduced as evidence at the hearing" on motion for new trial); *Godoy v. State*, 122 S.W.3d 315, 319 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) (noting that "affidavits supporting the motion must be offered into evidence").

the affidavit supports his contention that he asked for a jury trial several times.[2]  In light of the preceding, Bunker urges that he was unaware of the consequences of his jury waiver.

Although Bunker points to evidence supporting his assertion that he did not knowingly waive his right, the trial court was also presented with evidence contrary to the evidence on which Bunker relies.  For example, the written waiver of his right to a jury trial that was signed by his attorney and him was admitted into evidence.  Similarly, the trial court's judgment of conviction reflects that he waived his right to a jury trial.  *Cf. Johnson v. State*, 72 S.W.3d 346, 349 (Tex. Crim. App. 2002) (noting that recitation that defendant waived jury trial is binding in absence of proof of its falsity and that use of term "waive" presumes that defendant acted knowingly); *see also Egger v. State*, 62 S.W.3d 221, 224 (Tex. App.—San Antonio 2001, no pet.) (explaining that appellate courts "presume the regularity of trial court proceedings," including recitations in judgment).  Additionally, Bunker testified during the hearing that his trial attorney explained that a bench trial is a trial before a judge and not a jury and

---

[2] The State offered a second affidavit from Bunker's trial attorney during a second hearing on the motion for new trial.  However, the affidavit was never admitted into evidence. Although there are circumstances in which evidence that is not formally admitted into evidence "can be treated as if it had been admitted for purposes of appellate review," those circumstances occur in the following two situations: "(1) the record clearly reflects that a jury saw, heard, or felt the unobjected-to item; or (2) the record clearly reflects that the trial court and the parties treated the evidence as admitted, and there is nothing about the evidence itself that requires discretion, interpretation, or authentication, i.e., the evidence 'speaks for [itself].'"  *See State v. Opare*, 583 S.W.3d 685, 692 (Tex. App.—Fort Worth 2018, no pet.).  In this case, no jury was involved.  Further, Bunker objected to the admission of the second affidavit, and the trial court did not indicate whether it intended to consider the evidence even though it had not been admitted. The State did not discuss the contents of the affidavit during the hearing, and although Bunker did refer to the contents, he did so to establish questions that he would have asked his trial attorney had he been successful in his attempts to subpoena his attorney.  In light of the preceding, we cannot conclude that this case presents a situation in which we may consider the contents of the second affidavit that was offered but not admitted into evidence. *Cf. Godoy*, 122 S.W.3d at 320 (considering affidavits "as if formally admitted into evidence" where trial court stated that it had reviewed affidavits and treated them as if they had been admitted and where State did not object).

5

that he signed the written waiver voluntarily. Moreover, Bunker admitted that he had prior experience with the criminal justice system, knew the consequences of waiving his right to a jury, went through the process knowingly, and signed the form of his own free will. Further, he admitted that his trial attorney did not force him to waive his right to a jury trial and that he was not under the influence of any intoxicating substance when he signed the waiver.

In his affidavit, Bunker's trial attorney denied telling Bunker that it would be in his best interest to waive his right to a jury and denied being aggressive towards Bunker or insisting that he waive his right. Instead, the attorney stated that Bunker personally made the decision to waive his right to a jury trial. In addition, the trial court admitted exhibits showing that the case had originally been set for a jury trial in 2018 and then set for a bench trial in 2018 after Bunker signed the waiver and showing that the bench trial had been reset several times. One of the exhibits is a notice for reset specifically stating that the case will be heard as a bench trial, and Bunker and his attorney both signed that notice. The bench trial was ultimately held in 2020, and the record does not reflect that Bunker objected before or during trial to his case being heard without a jury.

As the trial court noted in its order, there is conflicting evidence, but we must view the evidence in the light most favorable to the trial court's ruling on the motion for new trial. Under that standard, we cannot conclude that the trial court abused its discretion by determining that Bunker knowingly and voluntarily waived his right to a jury trial. *See Rios v. State*, 626 S.W.3d 408, 414-15, 417 (Tex. App.—Dallas 2021, pet. filed) (concluding that defendant was not deprived of constitutional right to jury even though there was no written jury waiver where judgment reflected that defendant waived trial by jury, where record contains "pass slips signed by appellant and his attorney" indicating that case would be bench trial, where there

6

was no objection to absence of jury, and where conflicting evidence was presented during hearing addressing whether defendant understood that he waived his right to jury trial); *see also Hill v. State*, No. 03-04-00551-CR, 2006 WL 952383, at *2, *3 (Tex. App.—Austin Apr. 13, 2006, no pet.) (mem. op., not designated for publication) (overruling issue asserting that trial court erred by denying motion for new trial on ground that defendant was denied constitutional right to jury trial where reporter's record did not address waiver and where clerk's record did not contain written jury waiver but where judgment recited that defendant waived right and where conflicting evidence was presented at hearing on motion).

In his next set of arguments, Bunker asserts that his waiver was not knowingly and intelligently made because nothing in the record indicates that the trial court participated in the process resulting in the waiver. More specifically, Bunker argues that nothing in the reporter's record from the trial proceedings established that the trial court admonished him or discussed his right to a jury trial, inquired whether the waiver was knowingly and voluntarily made, or acknowledged the waiver. As support for his argument that some type of discussion was required, Bunker refers to Supreme Court cases setting out suggested practices by which trial courts could verify that a waiver was freely and voluntarily made. *See Adams*, 317 U.S. at 284 (Douglas, J., dissenting) (explaining that "[i]f this constitutional right is to be jealously protected, there should be a reliable objective standard by which the trial court satisfies itself that the layman who waives trial by jury in a case like this has a full understanding of the consequences"); *Patton v. United States*, 281 U.S. 276, 312 (1930) (noting that "the sanction of the court must be had" before jury waiver can become effective and that "the duty of the

7

trial court in that regard is not to be discharged as a mere matter of rote, but with sound and advised discretion"), *abrogated on other grounds by Williams v. Florida*, 399 U.S. 78 (1970).[3]

However, the Supreme Court has not set out any minimum colloquy that trial courts must engage in before a jury waiver is effective. *See Pierre v. Leger*, 495 F. App'x 403, 410-11 (5th Cir. 2012); *see also Scott v. Cain*, 364 F. App'x 850, 855 (5th Cir. 2010) (per curiam) (op., not designated for publication) (commenting that engaging in colloquy might be "the better practice" but that "'better practice' implies a preference, not a requirement, and thus cannot be said to constitute a constitutional minimum"); *United States v. Martin*, 704 F.2d 267, 274 (6th Cir. 1983) (recognizing that "[t]here is no constitutional requirement that a court conduct an on the record colloquy with the defendant prior to the jury trial waiver"). Recently, one of our sister courts rejected an argument asserting that trial judges should "engage in a specific 'colloquy' used by some federal and state courts" to ensure that a jury waiver was knowing and voluntary. *See Ragan v. State*, 608 S.W.3d 853, 855 (Tex. App.—Waco 2020, pet. ref'd); *see also Tiller v. State*, No. 08-12-00325-CR, 2014 WL 580245, at *5 (Tex. App.—El Paso Feb. 12, 2014, no pet.) (op., not designated for publication) ("We have found no cases supporting Appellant's argument that the trial court was required to admonish Appellant prior to

---

[3] In his brief, Bunker also refers to cases from various federal circuits suggesting that there should be some sort of colloquy between the trial court and a defendant before a jury waiver may be considered to have been knowingly and voluntarily made. *See Pierre v. Leger*, 495 F. App'x 403, 410 (5th Cir. 2012); *United States v. Martin*, 704 F.2d 267, 275 (6th Cir. 1983); *see also Landry v. Hoepner*, 818 F.2d 1169, 1178 (5th Cir. 1987) (observing that transcript contained no record "of any discussion between the court and petitioner concerning his express and intelligent waiver of a jury trial" before determining that there was no knowing and voluntary waiver), *rev'd by* 840 F.2d 1201, 1220 (5th Cir. 1988) (en banc) (determining that there was no constitutional right to jury trial for offense in question). However, many of those cases also recognize that there is no specific colloquy that must be engaged in before a jury waiver is effective. *Pierre*, 495 F. App'x at 410-11; *Martin*, 704 F.2d at 274. In any event, federal circuit "precedent is not binding on Texas courts." *State v. Cardenas*, 36 S.W.3d 243, 245 n.3 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd).

accepting his jury trial waiver"). Moreover, as set out above, the record from this case, including the evidence presented at the hearing on Bunker's motion for new trial, supports the trial court's decision to deny the motion because Bunker's jury waiver was knowingly and voluntarily made.

Accordingly, based on this record, we cannot conclude that the absence of any exchange between the trial court and Bunker rendered his jury waiver invalid. *See Rios*, 626 S.W.3d at 410, 416-17 (concluding that defendant was not denied his constitutional right to jury trial even though he signed no written waiver and even though trial court made no admonishment regarding jury waiver).

In his final set of arguments in this issue, Bunker contends that his jury waiver was invalid because it did not fully comply with the requirements of article 1.13 of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 1.13. That provision reads, in relevant part, as follows:

> The defendant in a criminal prosecution . . . shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that . . . the waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the state. The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the state shall be in writing, signed by that attorney, and filed in the papers of the cause before the defendant enters the defendant's plea.

*Id.* art. 1.13(a).

As pointed out by Bunker, the requirements of article 1.13 were not satisfied in this case because the waiver was not made in open court with the consent and approval of the trial court and the attorney representing the State. *See id.* Violations of article 1.13 are statutory violations that are subject to a harm analysis under Rule 44.2(b) of the Rules of Appellate

9

Procedure. *See Johnson*, 72 S.W.3d at 348. Under that Rule, any error "that does not affect substantial rights must be disregarded." Tex. R. App. P. 44.2(b).

The requirement that the State give its written consent to a jury waiver "is meant to protect the State's right to insist on a jury trial even when a defendant wishes to waive a jury." *Shaffer v. State*, 769 S.W.2d 943, 944 (Tex. Crim. App. 1989). Accordingly, even though the lack of written consent by the State is error, the error "does not constitute error as to a defendant or from which a defendant can complain," and no harm analysis for that error is necessary. *See id.* at 945. Moreover, nothing in the record indicates that the State objected to having a bench trial.

Regarding any other alleged violation of article 1.13, those errors are not harmful "when the record reflects that the defendant waived his right to a jury trial." *See Johnson*, 72 S.W.3d at 347. In this case, as discussed earlier, the record supported the trial court's determination that Bunker knowingly and voluntarily waived his right to a jury. Accordingly, we conclude that Bunker was not harmed by any violation of article 1.13 because the record supports the trial court's determination that he knowingly and voluntarily waived his right to a jury. *See id.*

For all these reasons, we overrule Bunker's first issue on appeal.

**Ineffective Assistance of Counsel**

In his second issue on appeal, Bunker contends that the trial court erred by denying his motion for new trial because he was denied effective assistance of counsel when his trial attorney suggested that he sign a jury waiver. Specifically, he asserts that he was entitled to a jury trial but that his trial attorney repeatedly urged him to waive that right without verifying that he had the knowledge necessary to understand the waiver and without discussing

10

the advantages and disadvantages of waiving that right. Moreover, he contends that there is no evidence that his trial attorney's recommendation was based on any legal strategy or on the circumstances of his case. Finally, he urges that his trial attorney's deficient performance prejudiced him because he would have elected to have a jury trial had he been adequately informed.

When a defendant makes an ineffective-assistance-of-counsel claim in a motion for new trial, appellate courts review the trial court's denial of the motion for an abuse of discretion. *See Burch*, 541 S.W.3d at 820. To prevail on an ineffective-assistance-of-counsel claim, the defendant must prove (1) counsel's deficient performance and (2) prejudice to the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Perez v. State*, 310 S.W.3d 890, 892-93 (Tex. Crim. App. 2010). To establish deficient performance, the defendant must show by a preponderance of the evidence that his counsel's performance fell below the standard of prevailing professional norms. *Strickland*, 466 U.S. at 688; *Perez*, 310 S.W.3d at 893. Appellate courts' review of trial counsel's performance is "highly deferential," meaning that there is a "strong presumption" that his conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *see Perez*, 310 S.W.3d at 893. An ineffective-assistance claim must be "firmly founded in the record," and the record "must affirmatively demonstrate" the meritorious nature of the claim. *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

The second component of the *Strickland* standard requires the defendant to establish by a preponderance of evidence that there is a reasonable probability that the result of the proceeding would have been different absent his counsel's deficient performance. *Strickland*, 466 U.S. at 694; *Burch*, 541 S.W.3d at 820. A reasonable probability is one that is

11

sufficient to undermine confidence in the outcome. *See Burch*, 541 S.W.3d at 820; *Nava v. State*, 415 S.W.3d 289, 308 (Tex. Crim. App. 2013). "It will not suffice for [the defendant] to show 'that the errors had some conceivable effect on the outcome of the proceeding.'" *Perez*, 310 S.W.3d at 894 (quoting *Strickland*, 466 U.S. at 693). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland*, 466 U.S. at 700; *see Perez*, 310 S.W.3d at 893.

As set out in the previous issue, although there were conflicts in the evidence, the trial court did not abuse its discretion by concluding that Bunker knowingly and voluntarily waived his right to a jury trial. *See Colyer*, 428 S.W.3d at 122 (explaining that trial court makes credibility determinations and is tasked with resolving conflicts in evidence); *Charles*, 146 S.W.3d at 208 (commenting that appellate courts view evidence in light most favorable to trial court's ruling and presume findings that could have been made against losing party). In addition, as set out above, Bunker's trial attorney explained in his affidavit that Bunker personally made the decision to waive his right. *See Fontnette v. State*, 24 S.W.3d 647, 650 (Tex. App.—Beaumont 2000, pet. ref'd) (explaining that defendant in case must make "personal decision[] . . . whether to be tried by a jury"); *see also Chryar v. State*, Nos. 14-95-00392—00393-CR, 1998 WL 104752, at *5 (Tex. App.—Houston [14th Dist.] Mar. 12, 1998, pet. ref'd) (op., not designated for publication) (explaining that court "will not hold defense counsel accountable for appellant's personal choice to waive a jury trial").

Viewing the evidence in the light most favorable to the trial court's ruling, we conclude that Bunker has failed to establish by a preponderance of the evidence that his attorney's performance fell below the standard of prevailing professional norms. *See Perez*, 310 S.W.3d at 893; *see also Larkin v. State*, No. 06-19-00111-CR, 2019 WL 5581939, at *1, *3

12

(Tex. App.—Texarkana Oct. 30, 2019, no pet.) (mem. op., not designated for publication) (overruling issue alleging that trial attorney provided ineffective assistance by failing to "persist until she accurately underst[oo]d the consequences of her choice to waive a jury" after addressing first issue and concluding that defendant knowingly and voluntarily waived right to jury). Having determined that Bunker failed to establish deficient performance, we need not reach the second prong of the *Strickland* test. *See Perez,* 310 S.W.3d at 893.

For these reasons, we overrule Bunker's second issue on appeal.

## CONCLUSION

Having overruled both of Bunker's issues on appeal, we affirm the trial court's judgment of conviction.

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Smith

Affirmed

Filed:   October 27, 2021

Do Not Publish